UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 16-01997-CJC(JCGx)            Date: November 16, 2016

Title: THE HARVEY LANE TRUST NO. 12345, VECCHIO REAL ESTATE CORP., AS TRUSTEE V. HOMERO CANO AND LIDIA CANO

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Melissa Kunig            N/A
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR IMPROPER REMOVAL**

     On November 3, 2016, Defendants Homero Cano and Lidia Cano removed this unlawful detainer action originally filed in Superior Court, County of Orange by Plaintiff Harvey Lane Trust No. 12345. (Dkt. 1 ["Notice of Removal"].) A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-01997-CJC(JCGx)　　　　　　　　　　　Date: November 16, 2016
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

　　　On November 3, 2016, Defendants removed the action to this Court asserting federal question subject matter jurisdiction under 28 U.S.C. § 1331. (Notice of Removal.) According to the Notice of Removal, a statutory basis for federal jurisdiction exists because "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (*Id.* ¶ 7.) Defendants contend that this statute is in controversy because Plaintiff allegedly did not comply with the 90-day notice period required by the statute prior to filing state eviction proceedings. (*Id.*)

　　　Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This occurs when the well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). A defense or counterclaim based on federal law does not give rise to federal question jurisdiction. *Id.* at 10. If it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

　　　Plaintiff's Complaint states a single claim for unlawful detainer under California law. (Dkt. 1 Ex. A at * 11–13.) This action therefore does not arise out of federal law. The federal basis asserted by Defendants, the "Protecting Tenants at Foreclosure Act of 2009," is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."). Nor does the straightforward federal issue presented by this defense — whether there was compliance with the 90-day period — present a "substantial federal issue." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Court accordingly finds that it is without subject matter jurisdiction to resolve this matter. This action is hereby **REMANDED** to Superior Court, County of Orange.

　　　The Court notes that this is the second time Defendants have attempted to remove this case from California Superior Court for identical reasons. *See* 16-cv-01616-CJC-JCG Dkts. 1, 5 (identical filings, parties, and arguments rejected by the Court).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 16-01997-CJC(JCGx)                                    Date:  November 16, 2016
                                                                                                                     Page 3

---

Defendants are hereby warned that all filings are subject to Federal Rule of Civil Procedure 11, which forbids presenting filings "for any improper purpose, such as to . . . cause unnecessary delay" and authorizes sanctions for violations.  If Defendants attempt to improperly remove this case again, the Court may be forced to impose appropriate monetary sanctions against them.

nm

MINUTES FORM 11
CIVIL-GEN                                                                                          Initials of Deputy Clerk MKU